UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECIL W. MORRISON,

        Plaintiff,

Case No. 1:04-CV-454

Hon. Gordon J. Quist

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                      /

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's counsel's motion for attorney fees pursuant to the 42 U.S.C. § 406(b) (docket no. 25).

**I.    Background**

Plaintiff filed his complaint in this matter on July 13, 2004, seeking to reverse a decision by the ALJ that he had not been properly insured on the onset date of his disability, which the ALJ determined to be August 21, 2001. This court reversed and remanded the matter to the Commissioner to "re-evaluate plaintiff's disability onset date of August 21, 2001, and his ability to perform medium work prior to that date." Order and Judgment (July 6, 2005). The court subsequently entered an order awarding plaintiff a stipulated amount of $4,650.00 for fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), as full and final adjudication of fees and costs in this cause of action. Order (Oct. 3, 2005).

The agency apparently awarded benefits to plaintiff by January 30, 2006, and in a letter sent ten months later noted it had withheld $31,874.00, "which represents the balance of 25

percent of the past-due benefits, withheld in anticipation of direct payment of an authorized attorney's fee." Agency letter (Nov. 18, 2006) attached to plaintiff's motion as Exh. A.

In a document entitled "Employment Contract[,] Contract For Federal Court Work" dated November 17, 2006, one day prior to the agency's November 18, 2006 letter, plaintiff's counsel entered into a contingent fee agreement with his client, which provided in pertinent part as follows:

> This is a contingent fee contract. If Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), or the Federal Court, Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits. . . .
>
> If Claimant subsequently is awarded benefit after the remand from Federal Court, Claimant will owe Attorney the difference between the 25% fee specified above and the amount paid by SSA in accordance with EAJA.

*See* docket no. 27.

Based on these facts, plaintiff's counsel states that he is entitled to a fee in the amount of $27,224.00, which consists of the $31,874.00 of past due benefits withheld, less the EAJA award of $4,650.00. The Commissioner objects to this award, stating that: plaintiff's counsel spent 45.25 hours on the federal court case; that counsel's requested fee amounts to compensation at the rate of $704.00 per hour; that this amount far exceeds the multiplier of $2^1$ applied to counsel's standard hourly rate of $175.00 (i.e., $175.00 x 2 = $350.00); that this amount is unreasonable; and that counsel's award should be $11,187.50 (i.e., $350.00 x 45.25 hours = $15,837.50 - $4,650.00 = $11,187.50).

---

[1]The "multiplier of 2" refers to a comment in *Hayes v. Secretary of Health and Human Services,* 923 F.2d 1418, 422 (6th Cir. 1991) that such a multiplier is appropriate where normal contingent fee considerations are in play, since social security attorneys are successful in approximately 50% of their cases. For reasons discussed *infra,* this is not such a situation and use of the "multiplier of 2" rule would not be appropriate.

**II.     Legal standard**

Attorney fee awards in social security cases are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006).

**III.    Discussion**

As an initial matter, the parties dispute whether § 406(b)(1)(A) authorizes the award of attorney fees for an attorney's work performed in both the administrative appeal and the judicial appeal. Plaintiff's counsel contends that this court may award attorney fees for work performed before both the administrative agency and the court. On the other hand, the Commissioner contends that the court may award attorney fees only for work performed in the court.

The Sixth Circuit answered this question in *Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261 (6th Cir. 1994) (en banc), when it concluded that "each tribunal may award fees only for the work done before it." The Sixth Circuit's en banc panel in *Horenstein* explicitly overruled the "single tribunal rule" announced in *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), i.e., that the tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment of an attorney fee. *Horenstein*, 35 F.3d at 262. Accordingly, counsel's motion for fees is limited to the work his attorney performed in this court.

In determining an award of attorney fees under the Social Security Act pursuant to a contingent fee agreement, the Supreme Court has determined that this court must look at the contingent fee agreement and test it for reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789,

808 (2002). Agreements are unenforceable to the extent that they provide for fees in excess of 25 percent of past-due benefits. Within the 25 percent boundary, the attorney for the successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Id.* at 807. Since the burden of persuasion is on the claimant's attorney, this seems to negate any presumption in favor of the agreed upon amount. *Id.* at footnote 17. In determining the reasonableness of the contingent fee, the court can reduce the fee based upon "the character of the representation and the results the representative achieved." For example, it is appropriate to reduce the fee when representation is substandard, *Id.* at 808, citing *Lewis v. Secretary of Health and Human Svc.,* 707 F.2d 246, 249-250 (6th Cir. 1983). Also, if the attorney is responsible for delay, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *Gisbrecht, supra,* at 808, citing *Rodriguez v. Bowen,* 865 F.2d 739, 746-747 (6th Cir. 1989)(en banc). And if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *Id.*

Counsel contends that the full 25 percent contingent fee is reasonable because this was a difficult case involving uncontrolled diabetes mellitus. Plaintiff's counsel's Reply at 1. Counsel fails to state, however, why this case was more difficult than any other social security appeal. While counsel's briefing in this court pointed out deficiencies in the ALJ's decision, it did not establish that plaintiff was entitled to an immediate award of benefits. In the report and recommendation, the undersigned only recommended a reversal and remand based upon an inadequate administrative review, rather than for an outright award of benefits, noting: that the ALJ's decision did not contain a "convincing rationale" as to the August 21, 2001 onset date for plaintiff's disability; that this disability onset date did not correspond to any particular physician's report, hospital admission or other event; that the ALJ's decision was internally inconsistent; that the ALJ gave no rationale to support his conclusion that plaintiff retained the residual functional capacity to perform a full range of medium work prior to August 21, 2001; and that the ALJ relied

upon state agency opinions that did not appear in the record. Report and Recommendation (June 10, 2005). The district court agreed and remanded the matter to the Commissioner. On remand, the Commissioner re-evaluated plaintiff's claim and awarded benefits.

Next, the court must keep in mind the purpose of the "reasonable fee" provision. 42 U.S.C. § 406(b)(1)(A). The 25 percent limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes reserved one-third to one-half of the claimant's past-due benefits. *Gisbrecht*, 535 U.S. at 804. As noted above, the reasonable fee provision allows courts to properly downward adjust an attorney's fee recovery under a contingent fee agreement if the benefits are large in comparison to the amount of time counsel spent on the case. Here, the court notes that plaintiff's counsel spent 45.25 hours on this matter. The requested fee of $31,874.00 is grossly disproportionate to the amount of work performed in this court.

Also, and of particular significance in this case, is the fact that the parties did not sign their contingent fee agreement until a year after the termination of court proceedings, and only well after the agency had already awarded benefits. At this point, there was no contingency and no risk to plaintiff's counsel. The failure to sign a contingency agreement until after the award is final, when there is a zero risk of failure, is a sufficient reason to decrease the fee requested in the contingent fee agreement. *See Damron v. Commissioner*, 104 F.3d 856-57 (6th Cir. 1997)("because the fee was not truly contingent (due to the fact that the favorable judgment had already been handed down), it was a windfall to award a fee equal to twice the market rate").

The court agrees with defendant that an attorney fee of $31,874.00 represents an unreasonable recovery for plaintiff's counsel because this was not truly a contingency contract. Since there was no risk of failure when plaintiff and his counsel executed the contingency fee agreement on November 17, 2006, the 25% contingency fee set forth in that agreement should be reduced. Under the circumstances of this case, counsel's proposed hourly rate of $175.00 is a reasonable standard to measure the amount of fees in this case, and to adequately compensate him for the work actually performed. Accordingly, the attorney fees should be limited to $7,918.75 (i.e.,

45.25 hours at the rate of $175.00 per hour), less the EAJA award of $4,650.00, for a net recovery of  $3,268.75.

### II.     Recommendation

For the reasons stated above, I respectfully recommend that plaintiff's counsel's motion for attorney fees (docket no. 25) be **GRANTED in part**, and that defendant be directed to pay plaintiff's counsel attorney fees in the amount of $3,268.75.


Dated:  March 7, 2008                             /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).